UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER LEE COLE,<br><br>        Petitioner,<br><br>    v.<br><br>W.J. SULLIVAN, Warden,<br><br>        Respondent. | No. 2:20-cv-01452 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

*Introduction*

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 302(c).

      Pending before the court is respondent's motion to dismiss on the ground that petitioner is barred by the one-year state of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 13. Petitioner has filed an opposition. ECF No. 18. After carefully reviewing the filings and applicable legal standards, the court now recommends that the motion to dismiss be granted.

*Procedural Background*

      On June 13, 2007, petitioner was convicted by a jury trial in Solano County Superior Court for assault by a life prisoner (Cal. Pen. Code § 4500), assault with a deadly weapon (Cal. Pen. Code § 245(a)(1)), and possession of weapon in a penal institution (Cal. Pen. Code § 4502).

1

ECF No. 1 at 37-42. A previous serious felony (Cal. Pen. Code § 667(a)(1)) and a "strike" (Cal. Pen. Code § 667(e)) were also found to be true. Id.; see also ECF No. 9 at 69-71. Petitioner was sentenced on December 19, 2007 to a total indeterminate sentence of 18 years to life and a total determinate sentence of 11 years. ECF No. 9 at 70. The trial court further ordered petitioner to pay a $1,000 restitution fine (Cal. Pen. Code § 1202.4(b)). Id. The trial court further imposed an additional $1,000 restitution fine (Cal. Pen. Code § 1202.45) that was suspended unless parole was revoked. Id. On November 4, 2008, the California Court of Appeal, First Appellate District ("Court of Appeal") affirmed the judgment in part and reversed the judgment as to count 2 for assault with a deadly weapon only. ECF No. 13 at 13-18. Petitioner appealed to the California Supreme Court and his petition for review was denied on January 14, 2009. Id. at 20.

Several years later, petitioner filed a series of collateral challenges to his judgment of conviction. Petitioner filed an "Ex Parte Motion for the Disposition of Fines" with the Solano County Superior Court and was denied on June 30, 2015. ECF No. 9 at 32. Petitioner filed a "Motion for Review and for Modification of Sentence Pursuant to Section 1260 P.C." in the Solano County Superior Court and was denied on March 25, 2016. ECF No. 9 at 46. Petitioner also filed an "Ex Parte Notice of Motion to Vacate or Stay Restitution Order/Fines" in the Solano County Superior Court and was denied on August 19, 2019. ECF No. 9 at 35.

Petitioner filed his first post-conviction habeas petition with the Court of Appeal on September 5, 2019 and was denied on September 12, 2019. ECF No. 9 at 68.[1] On September 26, 2019, petitioner filed his habeas petition with the California Supreme Court and was denied on January 2, 2020. Id. at 73.

Petitioner subsequently filed a writ of mandate with the California Supreme Court and was denied on February 19, 2020. Id. 126-131; see also ECF No. 13 at 6.

////

////

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period). In any event, the mailbox rule is inconsequential in this case.

On July 15, 2020, petitioner filed the instant federal habeas petition. ECF No. 1. On July 23, 2020, petitioner filed a first amended habeas petition. ECF No. 9. This action proceeds on petitioner's first amended habeas petition. See Fed. R. Civ. P. 15 (a).[2]

*Legal Standards*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ( "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Notwithstanding the collateral state habeas petitions, petitioner's conviction became final ninety days after the California Supreme Court's decision on April 14, 2009. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, petitioner's limitations period began to run the following day, on April 15, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Absent applicable tolling, petitioner's limitations period expired one

---

[2] Although Respondent's motion to dismiss is centered on petitioner's original habeas petition, there is no substantial changes to petitioner's arguments in his first amended petition that impact or alter respondent's motion to dismiss based on timeliness grounds. Accordingly, the undersigned will not require respondent to resubmit a renewed motion to dismiss. The undersigned will proceed as though respondent's motion is referring to the first amended petition. Petitioner has opposed the Motion to Dismiss.

year later, on April 15, 2010. The instant federal habeas action filed 10 years later on July 15, 2020 is barred as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

     Here, petitioner does not propose he is entitled to statutory or equitable tolling. On the contrary, petitioner argues state law grants him a later trigger date for the statute of limitations period. Petitioner alleges "sentencing errors which go to the jurisdiction of the court can be raised at anytime, even though no objections were interposed in the trial court." ECF No. 18 at 3 (quotation marks omitted) (citing People v. Serrato, 9 Cal. 3d 753 (1973)). However, federal law, not state law, governs the AEDPA statute of limitations period. Accordingly, the pertinent commencement period for the statute of limitations began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Accordingly, this pending amended federal petition should be dismissed as untimely.

*Conclusion*

     For the reasons stated above, the undersigned recommends dismissing petitioner's habeas petition as untimely.

     Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

     IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a district judge to this action.

     Furthermore, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted;

2. The first amended habeas petition (ECF No. 9) be dismissed with prejudice for untimeliness; and

////

4

    3. The District Court decline to issue a certificate of appealability.

    These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 3, 2021

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE